# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAROLINE MOZELESKI** | * | |
| 1262 New Hampshire Avenue, N.W. | | |
| Washington, D.C. 20036 | * | |
| | | |
| and | * | |
| | | |
| **ALISON MAFFRY** | * | Civil Action No.: |
| 1262 New Hampshire Avenue, N.W. | | |
| Washington, D.C. 20036 | * | |
| | | |
|     Plaintiffs | * | |
| | | |
| v. | * | |
| | | |
| **STATE FARM LIFE INSURANCE** | * | |
| **COMPANY** | | |
| One State Farm Plaza | * | |
| Bloomington, Illinois 61710 | | |
| | * | |
| and | | |
| | * | |
| **STATE FARM INSURANCE** | | |
| **COMPANY** | * | |
| One State Farm Plaza | | |
| Bloomington, Illinois 61710 | * | |
| | | |
|     Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## NOTICE OF REMOVAL

    Defendants, State Farm Life Insurance Company ("State Farm Life") and State Farm

Insurance Company ("State Farm") (collectively referred to herein as "Defendants"), by and

through their attorneys, file this Notice of Removal as to the removal of this case from the

Superior Court of the District of Columbia to the United States District Court for the District of

Columbia, pursuant to 28 U.S.C. §1441. Defendants' grounds for such removal are as follows:

1.      Defendants have been named in this lawsuit which was filed in the Superior Court of the District of Columbia on February 28, 2008.

2.      The Plaintiff's action in said suit was docketed in the Superior Court of the District of Columbia as Case No. 08-0001748.

3.      Plaintiff, Caroline Mozeleski, is a citizen of the District of Columbia.

4.      Plaintiff, Alison Maffry, is a citizen of the District of Columbia.

5.      Defendant, State Farm Life Insurance Company, is a corporation of Illinois with its principal place of business in Illinois.

6.      Defendant, State Farm Insurance Company, is a corporation of Illinois with its principal place of business in Illinois.

7.      The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.      This action may, therefore, be removed to this Court on the grounds of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

9.      Removal of this case is timely pursuant to 28 U.S.C. §1446 because this Notice of Removal was filed within 30 days of Defendants' receipt of the Plaintiffs' Complaint and Summons.

10.      Defendants have given written notice of the filing of this Notice of Removal to the Plaintiffs, and have filed a copy of this Notice with the Clerk of the Superior Court of the District of Columbia.

11.      Attached hereto as *Exhibit 1* are copies of all documents served on the Defendants

in this action.

WHEREFORE, Defendants, State Farm Life Insurance Company and State Farm Insurance Company, respectfully request that this action be removed to the United States District Court for the District of Columbia, and that no further proceedings be had in the Superior Court of the District of Columbia.

Respectfully submitted,

J. Snowden Stanley, Jr. (Bar No.: 360178)
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, Maryland 21201
(410) 539-5040
jstanley@semmes.com

Attorneys for Defendants, State Farm Life Insurance Company and State Farm Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2008, a copy of this Notice of

Removal (with Attachments) was mailed, by first-class mail, postage prepaid to:

Douglas P. Desjardins, Esquire
Clapp, Desjardins & Ely, PLLC
444 North Capitol Street, N.W.
Hall of States Building, Suite 828
Washington, D.C. 20001
Attorneys for Plaintiffs, Caroline Mozeleski and Alison Maffry

J. Snowden Stanley, Jr.

B0788790.WPD

-4-

## IN THE SUPERIOR COURT FOR
## THE DISTRICT OF COLUMBIA

Caroline Mozeleski
1262 New Hampshire Ave NW
Washington, DC 20036

and

Alison Maffry
1262 New Hampshire Ave NW
Washington, DC 20036

Plaintiffs,

vs.

State Farm Life Insurance Company
c/o Edward B Rust Jr
One State Farm Plz
Bloomington, IL 61710

and

State Farm Insurance
c/o Edward B Rust Jr
One State Farm Plz
Bloomington, IL 61710

Defendant.

Case No.:

Judge

08-0001748

**COMPLAINT**

FEB 2 6 2008

Now come the Plaintiffs, CAROLINE MOZELESKI and ALISON MAFFRY, by

and through their counsel, CLAPP, DESJARDINS & ELY, PLLC, and for their Complaint, allege

and aver as follows:

### Parties

1.    Plaintiffs CAROLINE MOZELESKI and ALISON MAFFRY are adult individuals living

who are residents of the District of Columbia.

1





EXHIBIT

1

2.      Defendant STATE FARM LIFE INSURANCE COMPANY is, and at all times herein mentioned was, a corporation engaged in the business of providing life insurance coverage.

3.      Defendant STATE FARM INSURANCE COMPANY is, and at times herein mentioned was, a corporation engaged in the business of providing insurance coverage.

4.      Defendant STATE FARM LIFE INSURANCE COMPANY is a subsidiary company of defendant STATE FARM INSURANCE COMPANY.

### Jurisdiction and Venue

5.      Plaintiffs are citizens of the District of Columbia and reside in the District.

6.      Defendant STATE FARM LIFE INSURANCE COMPANY is a corporation doing business in the District of Columbia.

7.      Defendant STATE FARM INSURANCE COMPANY is a corporation doing business in the District of Columbia both individually and through its subsidiary, STATE FARM LIFE INSURANCE COMPANY.

8.      Personal jurisdiction is proper over all Defendants pursuant to pursuant to DC ST § 11-921.

9.      Venue is proper over all Defendants pursuant to as the incident that gives rise to this claim occurred in the District of Columbia..

2

## Common Allegations of Fact

10.     In late 2005 Plaintiffs, CAROLINE MOZELESKI and ALISON MAFFRY, together with their mother, Ann Maffry, decided to purchase life insurance to cover themselves in the event that one of them died.

11.     Plaintiffs, CAROLINE MOZELESKI and ALISON MAFFRY, together with their mother, Ann Maffry, discussed the purchase of life insurance with their an employee of their agent Jay Frye, specifically Sony Saunders.

12.     All three began the application process at the end of 2005.  In addition their agent recommended purchasing life insurance for CAROLINE MOZELESKI's eight year old daughter, Alexis.

13.     On or about February 1, 2006 Ann Maffry provided an application for insurance to an employee of her agent  Jay Frye, namely Sonya Sauders.

14.     At no time did anyone from the family meet with or speak to Jay Frye.

15.     Ann Maffry fully, completely and truthfully answered all of the questions asked by Defendants, STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY.

16.     Ann Maffry disclosed on her application the name and telephone number of her family doctor, the fact she had previously smoked and that she had seen her doctor in September of 2005.

17.     The application did not ask Ms. Maffry if she currently had cancer.

18.     On or about February 1, 2006, Defendants  STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY  provided to Ms.Maffry  a term life insurance policy, No.LF-2288-3999, in the amount of $500,000.

3

19.   Policy No. LF-2288-3999 took effect on April 5, 2006 and was in full force and effect at all times hereinafter mentioned.   A full and complete copy of the insurance contract is attached to this complaint, and incorporated by reference as Exhibit "1."

20.   Policy No. LF-2299-3999 provided that in the event of the death of Ms. Maffry, the amount of $500,000 would immediately be paid to CAROLINE MOZELESKI and ALISON MAFFRY, the named beneficiaries, and Plaintiffs in this action.

21.   On June 22, 2007, while the policy identified as LF-2299-3999 was in full force and effect when, the insured and decedent, Ann D. Maffry died, as a result of cancer.

22.   Ann D. Maffry performed all conditions of the policies required to be performed on her part.

23.   In accordance with the terms of the policies, Plaintiffs gave Defendants STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY due and timely notice and proof of death on or about July 13, 2007.

24.   In the general provisions on page 9 of the insurance contract it states, "Only statements in the application will be used to rescind this policy or deny a claim."

25.   Despite, Plaintiffs' demand, Defendants STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY have refused and continue to refuse to pay the benefits due under the terms of the life insurance policy.

26.   As a result of the Defendant STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY's bad faith handling of Plaintiff's claim and failure to pay Plaintiff's claim, Plaintiffs have been deprived of the $500,000.00 due them under the policy.

4

27.    As a proximate result of Defendant STATE FARM LIFE INSURANCE COMPANY

and/or STATE FARM INSURANCE COMPANY's breach of its duty of good faith and fair

dealing, Plaintiff has sustained emotional and mental distress and anguish.


### Count I
### Breach of Contract for Policy LF-2299-3999

28.    Plaintiffs incorporate in this paragraph the allegations set forth above as if they were set

forth in full in this paragraph.

29.    The insured paid all premiums due under the policy, performed all other conditions the

policy required, and proper proof of death was submitted to Defendant STATE FARM LIFE

INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY.

30.    Defendant STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM

INSURANCE COMPANY breached the policy by failing to pay Plaintiffs' claim on Policy LF-

2299-3999  in the amount of $500,000.00.

31.    As a result of Defendant 's STATE FARM LIFE INSURANCE COMPANY and/or

STATE FARM INSURANCE COMPANY breach of the policy Plaintiff has suffered harm in

the amount of $500,000.00.


### Count II
### Breach of Covenant of Good Faith and Fair Dealing –
### Insurer Unreasonably Withheld Payment of Beneficiary's Claim

32.    Plaintiffs incorporate in this paragraph the allegations set forth in paragraphs above as if

they were set forth in full in this paragraph..

5

33.    Defendants denied Plaintiffs' claim and have attempted rescinded the life insurance policy for an alleged non-disclosure on the application for coverage. Ms. Maffry disclosed everything she was asked to disclose.

34.    Had the Defendants investigated the information Ms. Maffry supplied before issuing the policy, it is likely they would have found Ms. Maffry actually had cancer.

35.    Rather than investigate obtain Ms. Maffry's records before underwriting the plocy, the Defendants choose to forego any such investigation—and instead are only completed an investigation after Ms. Maffry's death.

36.    Defendant STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY breached the implied covenant of good faith and fair dealing under the policy by unreasonably denying Plaintiff's claim

37.    Defendant STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY breached the implied covenant of good faith and fair dealing under the policy by unreasonably denying Plaintiff's claim without proper cause.

38.    As a result of Defendants' violations, Plaintiffs suffered harm as alleged in the amount of $ 500,000 in addition to legal costs in order to bring this action.

**Count IV**
**Unfair Claim Settlement Practices**

39.    AsPlaintiffs incorporate in this paragraph the allegations set forth above as if they were set forth in full in this paragraph.

40.    Defendants are engaged in the business of insurance in the District of Columbia, and the policy was issued and delivered to Plaintiffs in the District of Columbia.

6

41.    Defendants STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY committed the acts referred to above knowingly and as part of a general business practice of refusing to pay a claim for an arbitrary or capricious reason based on all available information.

42.    These acts constitute violations of DC ST § 31-2231.17 (2001).

43.    As a result of Defendants' violations, Plaintiff suffered harm as alleged in the amount of $ 500,000 in addition to legal costs in order to bring this action.

<u>Count V</u>
<u>Violations of D.C. Consumer Protection Procedures Act</u>

44.    Plaintiffs incorporate in this paragraph the allegations set forth above as if they were set forth in full in this paragraph.

45.    Defendants STATE FARM LIFE INSURANCE COMPANY and/or STATE FARM INSURANCE COMPANY, acting by and through their agents, servants, and/or employees, committed unlawful trade practices violating D.C. Code § 28-3904, the Consumer Protection Procedures Act, during the underwriting and adjustment of Ms. Maffry's life insurance policy, attached as Exhibit "1." These unlawful trade practices include, but are not limited to:

a.    representing that services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have thereby violating D.C. Code § 28-3904(a);

b.    representing that the person has a sponsorship, approval, status, affiliation, certification, or connection that the person does not have thereby violating D.C. Code § 28-3904(b);

7

    c.  representing that services are of particular standard, quality, grade, style, or model, if in fact they are of another thereby violating D.C. Code § 28-3904(d);

    d.  misrepresenting as to a material fact which has a tendency to mislead thereby violating D.C. Code § 28-3904(e);

    e.  failing to state a material fact if such failure tends to mislead thereby violating D.C. Code § 28-3904(f).

46.    As a result of Defendants' violations, Plaintiff suffered harm as alleged in the amount of $ 500,000 in addition to legal costs in order to bring this action and are entitled to all remedies available under D.C. Code 28-3905(k)(1), including, but not limited to, treble damages or $1,500 per violation, whichever is greater, reasonable attorney's fees, punitive damages

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a.  For Five Hundred Thousand Dollars ($500,000.00) in policy proceeds with interest thereon at the legal rate from July 12, 2007;

    b.  all remedies available under D.C. Code 28-3905(k)(1), including, but not limited to, treble damages in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00) ;

    c.  For emotional distress damages as the Court may deem just;

8

d. For attorneys' fees and costs, according to proof;

e. For such further relief as the Court may deem just.

PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS ACTION.

By: _____

Douglas P. Desjardins
CLAPP, DESJARDINS & ELY, pllc
444 North Capitol Street, N.W.
Hall of States Bldg., Suite 828
Washington, D.C. 20001
dpd@cdelaw.net

*For the Plaintiffs*

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAROLINE MOZELESKI,** *et al.* | * | |
| **Plaintiffs** | * | |
| **v.** | * | |
| | * | **Civil Action No.:** |
| **STATE FARM LIFE INSURANCE COMPANY,** *et al.* | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE TO ADVERSE PARTY

TO:    Douglas P. Desjardins, Esquire
Clapp, Desjardins & Ely, PLLC
444 North Capitol Street, N.W.
Hall of States Building, Suite 828
Washington, D.C. 20001

     Pursuant to Title 28, § 1446 of the United States Code, you are hereby notified that a

Notice of Removal by State Farm Life Insurance Company and State Farm Insurance Company,

as required by said section, has this day been filed in the United States District Court for the

District of Columbia, Washington, D.C., copies of which are attached hereto for your

information and made a part hereof, and that the undersigned has also filed a copy of the said

Notice with the Clerk of the Superior Court of the District of Columbia pursuant to the Code

Section referred to above dated the _31st_ day of March, 2008.

Respectfully submitted,

J. Snowden Stanley, Jr., Esquire (Bar No.: 360178)
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 539-5040
jstanley@semmes.com

Attorneys for Defendants, State Farm Life Insurance
Company and State Farm Insurance Company

B0788796.WPD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROLINE MOZELESKI, *et al.*        *

       Plaintiffs        *

v.        *

STATE FARM LIFE INSURANCE    *      **Civil Action No.:**
COMPANY, *et al.*

       *

       Defendants        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE UPON REMOVAL

Undersigned attorney for Defendants, State Farm Life Insurance Company and State Farm Insurance Company, hereby certifies as follows:

1.  A copy of all process, pleadings, papers and orders which have been served upon Defendants, in connection with the District of Columbia action *Caroline Mozeleski, et al. v. State Farm Life Insurance Company, et al.*, in the Superior Court of the District of Columbia, Case No. 08-CA-001748, have been filed in this Court.

2.  That on the 31st day of March, 2008, undersigned counsel caused to be mailed to Douglas P. Desjardins, Esquire, Clapp, Desjardins & Ely, PLLC, 444 North Capitol Street, N.W., Hall of States Building, Suite 828, Washington, D.C. 20001, Attorneys for Plaintiffs, Caroline Mozeleski and Alison Maffry, in the above-entitled case, a copy of the Notice of Removal by Defendants which was filed on the same date in the United States District Court for the District of Columbia.

-1-

3.      That on the 31st day of March, 2008, undersigned counsel delivered, via first-class

mail, to the Clerk of the Superior Court of the District of Columbia, a copy of the said Notice of

Removal by Defendants which was filed in the United States District Court for the District of

Columbia in the above-entitled case on the 31st day of March, 2008. A copy of the Notice to the

Clerk of the Superior Court of the District of Columbia (without attachment) is attached hereto as

*Exhibit 1.*

Respectfully submitted,

J. Snowden Stanley, Jr., Esquire (Bar No.: 360178)
Semmes, Bowen & Semmes
250 W. Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 539-5040
jstanley@semmes.com

Attorneys for Defendants, State Farm Life Insurance
Company and State Farm Insurance Company

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2008, a copy of Defendants'

Certificate Upon Removal was mailed first-class, postage prepaid, to:

Douglas P. Desjardins, Esquire
Clapp, Desjardins & Ely, PLLC
444 North Capitol Street, N.W.
Hall of States Building, Suite 828
Washington, D.C. 20001
Attorneys for Plaintiffs, Carolina Mozeleski and Alison Maffry

J. Snowden Stanley, Jr.

B0788795.WPD

-3-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **CAROLINE MOZELESKI,** *et al.* | * | |
| **Plaintiffs** | * | **CA No.: 08-CA-001748** |
| **v.** | * | **Judge Maurice Ross** |
| **STATE FARM LIFE INSURANCE COMPANY,** *et al.* | * | **Next Event: Initial Scheduling Conference - May 30, 2008** |
| | * | |
| **Defendants** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:   Clerk, Superior Court of the District of Columbia**

  Please be advised that a Notice of Removal has been filed with the United States District Court for the District of Columbia in order to remove this action to that Court.  A copy of the Notice of Removal by Defendants State Farm Life Insurance Company and State Farm Insurance Company are attached for filing, along with this Notice to be filed in the official file for the Superior Court of the District of Columbia.

J. Snowden Stanley, Jr. (Bar No. 360178)
Semmes, Bowen & Semmes
250 W.  Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Attorneys for Defendants, State Farm Life Insurance Company and State Farm Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _31ˢᵗ_ day of March, 2008 a copy of Defendants' Notice

of Filing of Notice of Removal was mailed first-class, postage prepaid, to:

Douglas P. Desjardins, Esquire
Clapp, Desjardins & Ely, PLLC
444 North Capitol Street, N.W.
Hall of States Building, Suite 828
Washington, D.C. 20001
Attorneys for Plaintiffs, Caroline Mozeleski and Alison Maffry

J. Snowden Stanley, Jr.

B0788793.WPD

*08-557*
*RMC*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Caroline Mozeleski & Alison Maffry    110 c/ | State Farm Life Ins. Co. & State Farm Ins.    888558 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Distr. of Columbia
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Douglas P. Desjardins
Clapp, Desjardins & Ely, PLLC
444 N. Capitol Street, N.W.
Washington, DC 20001

Case: 1:08-cv-00557
Assigned To : Collyer, Rosemary M.
Assign. Date : 3/31/2008
Description: Contract

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff
O 3 Federal Question (U.S. Government Not a Party)
O 2 U.S. Government Defendant
(◉) 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | (◉) 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | (◉) 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| O **A.** *Antitrust* | O **B.** *Personal Injury/ Malpractice* | O **C.** *Administrative Agency Review* | O **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O  **E.**  *General Civil (Other)* | **OR** | O **F.** *Pro Se General Civil* | |
|---|---|---|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O  G. *Habeas Corpus/* *2255* | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>   (criteria: race, gender/sex,<br>   national origin,<br>   discrimination, disability<br>   age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>   (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (excluding veterans) |

| O  K. *Labor/ERISA* *(non-employment)* | O  L. *Other Civil Rights* *(non-employment)* | ⊗  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>   Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>   Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>   Employment<br>☐ 446 Americans w/Disabilities-<br>   Other | ⊠ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>   Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>   Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>   (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding  ⊙ 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Section 1441 - Defendant is a corporation with principal place of business in Illinois - diversity of citizenship; plaintiff is resident of Dis. of Col.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 500,000.00<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ⊠   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ⊠    If yes, please complete related case form.

DATE March 31, 2008    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Caroline Hozeleski, et al*

Plaintiff

v.                                    Civil Action No. **08 0557**

**MAR 3 1 2008**

*State Farm Insurance Company,*
*et al*

Defendant

    The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **COLLYER, J. RMC**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
        Deputy Clerk

cc: *Douglas Des Jardins*

929A
Rev. 7/02