## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROLINE MOZELESKI, *et al.*          *

          **Plaintiffs**          *

v.          *          Civil Action No.: 1:08-CV-00557-RMC

STATE FARM LIFE INSURANCE          *
COMPANY, *et al.*
                   *

          **Defendants**
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

The Defendants, State Farm Life Insurance Company ("State Farm Life") and State Farm Insurance Company ("State Farm")[1] (collectively referred to herein as "Defendants"), by their undersigned counsel, for their Answer to Plaintiffs' Complaint filed against them herein, states:

    1.    Defendants admit the allegations of Paragraph 1 of the Complaint.

    2.    Defendants admit the allegations of Paragraph 2 of the Complaint.

    3.    Defendants deny the allegations of Paragraph 3 of the Complaint as State Farm Insurance Company is not a legal entity.

    4.    Defendants deny the allegations of Paragraph 4 of the Complaint as State Farm Insurance Company is not a legal entity.

    5.    Defendants admit the allegations of Paragraph 5 of the Complaint.

    6.    Defendants admit the allegations of Paragraph 6 of the Complaint.

    7.    Defendants deny the allegations of Paragraph 7 of the Complaint as State Farm

---

[1]State Farm Insurance Company is not a legal entity and is, therefore, not a proper party Defendant in this action. State Farm Life Insurance Company is the only proper party Defendant in this action.

Insurance Company is not a legal entity.

  8.  Defendants admit the allegations of Paragraph 8 of the Complaint as to State Farm Life Insurance Company; however, they deny those allegations as to State Farm Insurance Company because it is not a legal entity.

  9.  Defendants admit the allegations of Paragraph 9 of the Complaint as to State Farm Life Insurance Company; however, they deny those allegations as to State Farm Insurance Company because it is not a legal entity.

  10.  Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore deny those allegations.

  11.  Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore deny those allegations.

  12.  Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore deny those allegations.

  13.  Defendants admit the allegations of Paragraph 13 of the Complaint.

  14.  Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore deny those allegations.

  15.  Defendants deny the allegations of Paragraph 15 of the Complaint.

  16.  Defendants admit that Ann Maffry responded "Yes" to the question in the

Application, "Have you used tobacco or any nicotine products in any form in the last 36 months?;" that Ann Maffry responded "09/2005" to "What was the date of your last physical exam or checkup?;" and that Ann Maffry identified Dr. David Lawrenz as her doctor, including his phone number and address.

17.    Defendants deny the allegations of Paragraph 17 of the Complaint.

18.    Defendants state that State Farm Insurance Company is not a legal entity and is, therefore, not a proper party Defendant in this action.  Defendants admit that on or about February 1, 2006, Ann Maffry provided an application for a term life insurance policy in the amount of $500,000.00, but deny that the terms and conditions of the Policy were satisfied.

19.    Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 19 of the Complaint and therefore deny those allegations.  Defendants admit the allegations of the second sentence of Paragraph 19 of the Complaint to the extent the attached insurance contract is a full and complete copy of Policy No. LF-2288-3999.

20.    Defendants admit the allegations of Paragraph 20 of the Complaint if the Policy's terms and conditions were satisfied.  Defendants, however, deny that the terms and conditions of the Policy were satisfied.

21.    Defendants admit that Ann Geraldine Maffry, the insured and decedent, died on June 22, 2007, as a result of metastatic breast cancer, but deny the remaining allegations of Paragraph 21 of the Complaint.

22.    Defendants deny the allegations of Paragraph 22 of the Complaint.

23.    Defendants state that State Farm Insurance Company is not a legal entity and is,

3

therefore, not a proper party Defendant in this action. Defendants admit that Plaintiffs provided

notice and proof of death on or about July 13, 2007.

24.    Defendants admit the allegations of Paragraph 24 of the Complaint, subject to the

terms and conditions of the Policy.

25.    Defendants state that State Farm Insurance Company is not a legal entity and is,

therefore, not a proper party Defendant in this action. Defendants admit that Plaintiffs have

made demand for payment under the Policy, but state that they are not entitled to benefits due to

material misrepresentation.

26.    The allegations of Paragraph 26 of the Complaint contain allegations as to legal

conclusions to which no response is required from Defendants. However, if the Court should

deem a response necessary, then those allegations are denied.

27.    The allegations of Paragraph 27 of the Complaint contain allegations as to legal

conclusions to which no response is required from Defendants. However, if the Court should

deem a response necessary, then those allegations are denied.

28.    Defendants adopt and incorporate by reference the allegations of Paragraphs 1

through 27 of this Answer as if fully stated herein.

29.    Defendants state that State Farm Insurance Company is not a legal entity and is,

therefore, not a proper party Defendant in this action. Defendants admit that the insured paid all

premiums due under the Policy (which were returned on or about December 10, 2007) and that

proof of death was submitted to State Farm Life Insurance Company. Defendants, however,

deny that the insured "performed all other conditions the policy required."

30.    The allegations of Paragraph 30 of the Complaint contain allegations as to legal

conclusions to which no response is required from Defendants. However, if the Court should deem a response necessary, then those allegations are denied.

31.    The allegations of Paragraph 31 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants. However, if the Court should deem a response necessary, then those allegations are denied.

32.    Defendants adopt and incorporate by reference the allegations of Paragraphs 1 through 31 of this Answer as if fully stated herein.

33.    Defendants admit that Plaintiff's claims were denied due to material misrepresentation in the Application. Defendants deny the allegations of the second sentence of Paragraph 33 of the Complaint.

34.    Defendants deny the allegations of Paragraph 34 of the Complaint as they had no duty to conduct any investigation before issuance of the Policy.

35.    Defendants deny the allegations of Paragraph 35 of the Complaint as they had no duty to conduct any investigation before issuance of the Policy.

36.    The allegations of Paragraph 36 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants. However, if the Court should deem a response necessary, then those allegations are denied.

37.    The allegations of Paragraph 37 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants. However, if the Court should deem a response necessary, then those allegations are denied.

38.    The allegations of Paragraph 38 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants. However, if the Court should

deem a response necessary, then those allegations are denied.

39.    Defendants adopt and incorporate by reference the allegations of Paragraphs 1 through 38 of this Answer as if fully stated herein.

40.    Defendants state that State Farm Insurance Company is not a legal entity and is, therefore, not a proper party Defendant in this action.  Defendants admit the allegations of Paragraph 40 of the Complaint.

41.    The allegations of Paragraph 41 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

42.    The allegations of Paragraph 42 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

43.    The allegations of Paragraph 43 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

44.    Defendants adopt and incorporate by reference the allegations of Paragraphs 1 through 43 of this Answer as if fully stated herein.

45.    The allegations of Paragraph 45 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

a.    The allegations of Paragraph 45.a of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court

should deem a response necessary, then those allegations are denied.

       b.      The allegations of Paragraph 45.b of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

       c.      The allegations of Paragraph 45.c of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

       d.      The allegations of Paragraph 45.d of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

       e.      The allegations of Paragraph 45.e of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

    46.     The allegations of Paragraph 46 of the Complaint contain allegations as to legal conclusions to which no response is required from Defendants.  However, if the Court should deem a response necessary, then those allegations are denied.

       a.      Defendants deny liability as to the relief requested in Paragraph a of the ad damnum of the Complaint.

       b.      Defendants deny liability as to the relief requested in Paragraph b of the ad damnum of the Complaint.

       c.      Defendants deny liability as to the relief requested in Paragraph c of the ad damnum of the Complaint.

7

d.      Defendants deny liability as to the relief requested in Paragraph d of the ad damnum of the Complaint.

e.      Defendants deny liability as to the relief requested in Paragraph e of the ad damnum of the Complaint.

## AFFIRMATIVE DEFENSES

1.      For their First Affirmative Defense, Defendants state that the Plaintiffs' Complaint fails to state a claim against them upon which relief may be granted.

2.      For their Second Affirmative Defense, Defendants state that the Plaintiffs' Complaint is barred by the applicable statute of limitations.

3.      For their Third Affirmative Defense, Defendants state that the decision to deny Plaintiffs benefits as claimed was required by the terms and conditions of the Policy at issue in this case.

4.      For their Fourth Affirmative Defense, Defendants state that the Policy is void *ab initio* due to material misrepresentation.

WHEREFORE, the Defendants, State Farm Life Insurance Company and State Farm Insurance Company (incorrectly named), respectfully pray this Court to enter judgment in their favor dismissing the Plaintiffs' Complaint and for such other and further relief as this Court may deem necessary and proper under the circumstances.

8

Respectfully submitted,


_____/s/_____
J. Snowden Stanley, Jr. (Bar No.: 00059)
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Attorneys for Defendant, State Farm Life
Insurance Company and State Farm
Insurance Company


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of April, 2008, a copy of Defendants' Answer

to Plaintiffs' Complaint was served, via e-filing and/or first class mail, postage prepaid, on:

Douglas P. Desjardins, Esquire
Clapp, Desjardins & Ely, PLLC
444 North Capitol Street, N.W.
Hall of States Building, Suite 828
Washington, D.C. 20001
Attorneys for Plaintiffs, Caroline Mozeleski and Alison Maffry


_____/s/_____
J. Snowden Stanley, Jr.

B0788807.WPD

9