IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROLINE MOZELESKI, *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | Civil Action No.: 08-557 (RMC) |
| STATE FARM LIFE INSURANCE COMPANY, *et al.* | * | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT RULE 16.3 REPORT

Plaintiffs and Defendants in the above-referenced case, by and through the undersigned counsel, hereby file this report regarding the results of the meeting of counsel pursuant to Local Rule 16.3.

### STATEMENT OF THE CASE

### Plaintiffs' Contentions

On or about February 1, 2006, Ann Maffrey ("Decedent") submitted an application for life insurance to her agent with State Farm Insurance Company and State Farm Life Insurance Company (collectively, "State Farm"). The Decedent truthfully answered all of the questions asked and also disclosed the name and contact information for her family physician. The application was filled out by State Farm's agent and signed by the Decedent. Thereafter, State Farm issued a term life insurance policy, No. LF-2288-3999, in the amount of five hundred thousand dollars ($500,000.00), effective April 5, 2006. Prior to issuing the term life insurance policy, State Farm did not request any of the Decedent's medical records. The beneficiaries of the policy are Plaintiffs Caroline Mozeleski and Alison Maffrey ("Plaintiffs").

On June 22, 2007, the Decedent died as a result of breast cancer. Plaintiffs' submitted a claim for the policy benefits to State Farm. State Farm has refused and continues to refuse to pay the benefits due.

### **Defendants' State Farm's Contentions**

On or about February 1, 2006, the Decedent submitted an application for life insurance to State Farm. As part of her application, the Decedent was asked the following questions:

2. Have you, in the last 10 years, had or been treated by a member of the medical profession for:
   k. Cyst, tumor or cancer?

5. Other than what we've already discussed, have you, in the last 5 years:
   b. Had or been advised to have treatment, a test, electrocardiogram, x-ray, or scan in a medical facility such as a doctor's office, lab, clinic, emergency room or hospital?
   c. Had surgery or been told surgery was necessary?

The Decedent responded no to each of these questions. Moreover, she was asked if she had seen her doctor for any reason other than what she'd already mentioned. She responded that she had for a physical several months beforehand with normal results.

On June 22, 2007, the Decedent died as a result of breast cancer. When the Decedent passed away during the two (2) year contestable period, State Farm investigated her death, the circumstances surrounding her death and the information contained on her application. State Farm requested the Decedent's medical records. Those records revealed that the Decedent made material misrepresentations on her application that had State Farm known, it would not have issued to policy to her. Specifically, *inter alia,* on or about January 23, 2006, the Decedent was diagnosed with breast cancer and on January 30, 2006, after undergoing a body scan, she was informed that the cancer had metastasized to her abdomen. The Decedent intentionally failed to disclose these diagnoses and doctor visits as well as the testing she underwent for these

conditions just days before submitting her application. As a result, the policy of insurance is void *ad initio* and the Plaintiffs are not entitled to benefits under the policy.

### ITEMS DISCUSSED

On May 13, 2008, counsel for the parties conferred and discussed the following items:

(1)     The parties believe that dispositive motions may dispose of the case, but that any such motions would not be appropriate until after discovery. Accordingly, below the parties propose a schedule providing for such motions after a period of time for discovery.

(2)     The parties agree that any other parties shall be joined or the pleadings amended by September 1, 2008. At this time, the parties are unable to narrow or agree upon any issues, but agree to attempt to do so, through discovery or otherwise, as the case proceeds.

(3)     The parties agree that the case should not be assigned to a magistrate judge.

(4)     The parties agree that settlement is an unlikely possibility at this time. Plaintiffs and Defendants will re-visit the issue as discovery proceeds and the facts become known to all parties.

(5)     The parties agree that use of the Court's Alternative Dispute Resolution may be appropriate at the close of discovery.

(6)     The parties agree that, upon the completion of discovery, a Motion for Summary Judgment may be appropriate. The parties agree that each shall have 30 days after the completion of discovery to file a dispositive motion. Oppositions shall be due with 30 days of service, and Reply briefs within 15 days of service of an Opposition.

(7)     The parties were unable to agree on the issue of the initial disclosures required by Rule 26(a)(1). The Defendants do not believe that initial disclosures are appropriate or

necessary in this action and therefore, object to providing the initial disclosures. The Defendants will be providing a full and complete copy of its claim file as well as the policy of insurance at issue which will identify all of the relevant and identified information required by the initial disclosures.

(8)     The parties agree to the limits on depositions, interrogatories, document requests, and requests for admission set forth for cases in the applicable Court's Rules. The parties agree that discovery should be completed within 11 months of the June 6, 2008 Status Conference, which is May 6, 2009.

(9)     The parties agree to the Court's Rules governing expert disclosure and discovery, without modification.

(10)    The parties agree that the parties shall have 30 days from the close of discovery to file dispositive motions. Oppositions shall be filed with 30 days of service of the motion and reply briefs within 15 days of service of the oppositions.

(11)    The parties agree not to seek bifurcation at this time, but reserve the right to seek it after discovery.

(12)    The parties agree that the Court should set a date for ADR and a pretrial conference date for a date after decisions on any dispositive motions.

(13)    The parties agree that the Court shall set a trial date at the first scheduling conference.

(14)    The parties agree that no additional matters are appropriate for inclusion in the scheduling order at this time, but reserve the right to request a modification of the scheduling order should the necessity arise.

The represented parties' proposed scheduling order:

| | |
|---|---|
| Plaintiffs' Expert Designation | January 9, 2009 |
| Defendants' Expert Designation | March 9, 2009 |
| Discovery Cutoff | May 8, 2009 |
| Motions Deadline | June 8, 2009 |
| Oppositions | July 8, 2009 |
| ADR | _____ |
| Pretrial Conference | _____ |
| Trial Date | _____ |

Dated: June 2, 2008                                      RESPECTFULLY SUBMITTED,


/s/ Douglas Desjardins                                   /s/ J. Snowden Stanley
Douglas Desjardins                                       J. Snowden Stanley
Federal Bar No.: 448370                                  Federal Bar No.: 360178
Clapp, Desjardins & Ely PLLC                             Semmes, Bowen & Semmes
444 North Capitol Street, N.W.                           25 South Charles Street
Suite 828                                                Suite 1400
Washington, DC 20001                                     Baltimore, MD 21201
(202) 638-5300                                           (410) 539-5040
dpd@cdelaw.net                                           jstanley@semmes.com

*Attorneys for the Plaintiffs*                           *Attorneys for the Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROLINE MOZELESKI, *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | **Civil Action No.: 08-557 (RMC)** |
| STATE FARM LIFE INSURANCE COMPANY, *et al.* | * | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of the Joint Rule 16.3 Report submitted by the parties, it is by this Court this _____ day of _____, 2008.

ORDERED, that the following schedule will govern further proceedings in this case:

| | |
|---|---|
| Plaintiffs' Expert Designation | January 9, 2009 |
| Defendants' Expert Designation | March 9, 2009 |
| Discovery Cutoff | May 8, 2009 |
| Motions Deadline | June 8, 2009 |
| Oppositions | July 8, 2009 |
| ADR | _____ |
| Pretrial Conference | _____ |
| Trial Date | _____ |

Replies are due within fifteen (15) days of the filing of Oppositions. The limits on interrogatories and deposition for standard tack cases set forth in Local Rule 16.4 shall be followed.

_____
Judge,
United States District Court for the
District of Columbia